IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN PROMOTIONAL EVENTS INC., | § | |
| Plaintiff, | § | |
| V. | § | No. 3:25-cv-1610-B-BN |
| HANK K. MILLER DBA AMERICAN FREEDOM FIREWORKS, ET AL., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN DISCOVERY**

In this lawsuit that Senior United States District Judge Jane J. Boyle referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 12, the Court entered an initial scheduling order under Federal Rule of Civil Procedure 16(b) that set July 6, 2026 as the deadline to complete discovery, *see* Dkt. No. 26, ¶ 5.

More than one month after that deadline, Defendants moved to reopen discovery to allow them to serve a limited number of discovery requests, stating that they "miscalendared the written discovery cutoff." *See* Dkt. No. 41 (cleaned up).

As the initial scheduling order made clear, "[t]he deadlines set forth in this order will not be modified except on written motion for good cause shown." Dkt. No. 26, ¶ 10 (citing FED. R. CIV. P. 16(b)(4)).

Federal Rule of Civil Procedure 16(b)(4)'s "'good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the

diligence of the party needing the extension.' Failure to meet that threshold is a sufficient reason to [deny a Rule 16(b)(4) motion for extension]." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003

As multiple courts have found, a calendaring error does not constitute good cause under Rule 16(b)(4) or good cause or excusable neglect under Federal Rule of Civil Procedure 6(b)(1). *See, e.g.*, *Candelaria v. Molina Healthcare, Inc.*, Civ. No. 18-725 WJ/GBW, 2019 WL 4643946, at *5-*6 (D.N.M. Sept. 24, 2019) (collecting cases); *cf. N.L.R.B. v. Tri-Cnty. Elec. Coop., Inc.*, No. 21-60887, 2023 WL 5040960, at *2 (5th Cir. Aug. 8, 2023) (per curiam) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

And, so, Defendants have not demonstrated the requisite diligence necessary to show good cause under Rule 16(b)(4). Their motion is therefore DENIED.

SO ORDERED.

DATE: August 18, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE